UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| V. ) | CASE NO. 2:19-CR-576-ACA-HNJ |
| ) | |
| TASHANA LYNN SIMS, ) | |
| ) | |
| DEFENDANT. ) | |

**SENTENCING MEMORANDUM OF TASHANA LYNN SIMS**

COMES NOW Attorney, Michael W. Whisonant, Jr., and respectfully submits the following Sentencing Memorandum on behalf of Tashana Lynn Sims.

Tashana Sims has accepted responsibility for her conduct giving rise to her plea of guilty to the misdemeanor offense of possession of a counterfeit pill press as charged in Count 7 and Count 15 of the indictment. Ms. Sims has taken full responsibility for her conduct and stands prepared to accept imposition of sentence. Ms. Sims respectfully asks this Honorable Court to sentence her to a term of probation for a period of 36 months as called for by application of the United States Sentencing Guidelines as calculated by the United States Probation Office.

I.     **Nature and Circumstances of the Offense**

Tashana Sims was previously married to Earnest Coleman, a person of interest to law enforcement based on an investigation that began in early April 2018. This investigation began after agents intercepted an international mail package from China containing two metal dies and a metal mold designed to be used in a pill press for the production of counterfeit tablets or pills. Agents conducted a controlled deliver of the package and located Earnest Coleman and Tashana Sims inside of the residence. Agents seized a pill press and a number of other metal dies used in the production of counterfeit pills by Coleman. As a result of her presence in the home and her limited knowledge of

her ex-husband's conduct, Ms. Sims agreed to enter a guilty plea to the misdemeanor charge of possession of the metal dies designed to print, imprint or reproduce identifying marks, imprints, and likeness of certain prescription drugs. Earnest Coleman has entered a guilty plea to Count 1 and Count 16 of the Indictment in this case and is awaiting sentencing on May 11, 2021.

Although Ms. Sims and Earnest Coleman were married at the time of the offense, she admits to willfully ignoring his conduct in this case. The past 24 months have provided Tashana Sims with a valuable and hard-earned lesson - one that will forever leave a lasting impression on her.

II.     **History and Characteristics of Tashana Sims**

Tashana Sims was born on November 25, 1982 in New York, New York to Rickia Sims and Reginald Sims. Her family moved to Birmingham when she was 5 years old and she has remained in Jefferson County most of her life. Her father passed away when she was 25 years old. At the time the PSI report was disclosed on April 6, 2021, Ms. Sims was the primary caregiver for her mother who was transitioning to hospice care as a result of inoperable breast cancer. Tashana's mother passed away peacefully after a short time on hospice care.

Tashana Sims currently resides in her mother's home where she continues to be the primary care giver for her younger brother Reginald Sims who is disabled and diagnosed with schizophrenia bipolar type.

Ms. Sims graduated from Wenonah High School in 2001 and enrolled in Lawson State Community College in 2002 as a cosmetology student. Tashana did not graduate from Lawson State and only spent a little over a semester in the program before leaving to find employment.

Sims has a long history of drug use beginning with marijuana use at age 18. She has used Lortab and Xanax for pain management and recreationally over the years, including her admitted use in October 2019 while on bond in the instant matter. She was admonished and placed into outpatient

drug treatment at Without Walls Counseling.  Ms. Sims has maintained her sobriety and successfully completed the Without Walls program on April 24, 2020.

Attached hereto is a letter from Ms. Sims expressing her sincere apologies to the Court and a character letter from a family member.

### III. Placing Tashana Sims on probation for a period of 36 months is sufficient but not greater than necessary to account for the 18 U.S.C. § 3553(a) factors.

The presentence report correctly calculates the guidelines range as 0 to 6 months based on an offense level of 4 and a criminal history score of Roman I.  Since the properly calculated guidelines range is in Zone A of the Sentencing Table and the offenses of conviction are both misdemeanors, Ms. Sims is eligible for a sentence of probation of not more than 36 months.

The ultimate command of 18 U.S.C. 3553(a) is, after considering the following factors, to impose a sentence that is "sufficient, but not greater than necessary", to comply with the purposes set forth in subsection (a)(2). This is the so-called parsimony provision, which requires District Courts to *impose the minimum punishment needed to satisfy the purposes of sentencing*; those being just punishment, deterrence, protection of the public and the rehabilitation of the defendant.

18 U.S.C. 3553(a)(2) directs the Court to consider the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

First, with regard to the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, Ms. Sims understands the significance of her plea agreement and the benefit she received by having the

Government dismiss the most serious charges in the indictment. Based on the fact Ms. Sims' only contact with law enforcement was over 20 years ago and also involved a misdemeanor offense, this Court should find a probationary sentence is sufficient punishment for the offense of conviction.

Second, with regard to the need for the sentence imposed to provide adequate deterrence and protect the public from further crimes of the defendant, this Court should find a sentence of 36 months probation is sufficient to protect the public and to deter further criminal conduct on the part of Ms. Sims. As referenced earlier, this experience has impressed upon her the need to make better decisions about her actions, as well as those individuals she associates with. In sum, this experience has reinforced her desire to live a quiet crime-free life.

Third, with regard to the need for the sentence imposed to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, the Court should find Ms. Sims' outpatient counseling has provided her with needed treatment and counseling and the sentence to be imposed does not require any additional terms and conditions under this section.

**Conclusion**

Undersigned counsel submits that an appropriate sentence would be a term of probation of 36 months with both standard and special conditions of supervision as the Court deems appropriate under the facts and circumstances of this case. Such a sentence would permit Tashana Sims to continue caring for her disabled younger brother while maintaining steady employment in a drug-free environment. Such a sentence would be appropriate under the circumstances of this case and would substantially meet the needs of sentencing as pronounced in 18 U.S.C. § 3553(a).

                                                                                       RESPECTFULLY SUBMITTED,

                                                                                       *l/s Michael W. Whisonant, Jr.*
                                                                                       MICHAEL W. Whisonant, Jr.

OF COUNSEL:
JAFFE, HANLE, WHISONANT & KNIGHT, P.C.
2320 ARLINGTON AVENUE SOUTH
BIRMINGHAM, AL 35205
205-930-9800

## **CERTIFICATE OF SERVICE**

     I do hereby certify that I have on this the 4th day of May 2021, served a copy of the foregoing by electronically filing to all parties involved.

                                                                                                 *l/s Michael W. Whisonant*
                                                                                                 MICHAEL W. WHISONANT, Jr.